IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:23-CR-502 (MAD) |
| | ) | |
| v. | ) | Government's Second Sentencing Memorandum |
| | ) | |
| **PATRICIA CLARKE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its second sentencing memorandum, responding to contentions made in the Defendant's sentencing memorandum. *See* ECF 22. The Government opposes the Defendant's motion for a variance, consents to the motion for a downward departure based on her role as a minor participant, and recommends that the Court impose a sentence at the bottom of the 15 months incarceration; three years supervised release; a Guideline fine; the agreed-upon forfeiture of $66,092 and restitution of $381,815; and a $100 special assessment.

**I.      Motion for a Downward Departure**

The Defendant moved for a two-point-downward departure based upon her "role as a minor participant." ECF 22 at 2 (citing U.S.S.G. §3B1.2(b)). An offender is a minor participant when "he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. §3B1.2, app. n. 5. Factors to consider when determining this motion are

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. §3B1.2, app. n. 3(C).  An offender who "performs an essential or indispensable role in the criminal activity" may still "receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." *Id*.

There is no doubt that co-conspirator William Taylor is the substantially more culpable actor in this conspiracy.  Taylor obtained three victims' personally-identifiable information and sent it to the Defendant prior to the submission of a claim.  PSIR ¶3(c).  One of the victims' claims had the Defendant's cell phone number as his claim.  PSIR ¶16.  A total of $66,092 in benefits for that victim and two others were deposited into a bank account in the Defendant's name.  PSIR ¶¶3(g), (i).  The remaining 15 victims' claims—representing over $300,000 in loss to the NYSDOL—are not as closely associated with the Defendant.

Applying the five Application Note 5 factors, the first factor cuts *against* the reduction because the Defendant understood the scope and structure of the scheme.  The second, third, and fourth factors *favor* application of the reduction because the co-conspirator had a far greater role in planning the scheme, the Defendant exercised less decision-making authority, and the Defendant was a far lesser participant.  Like the first factor, the fifth factor cuts *against* the reduction: the Defendant had a significant financial gain from the criminal activity.  In sum, three factors favor application of the reduction while two caution against it.

One more consideration that favors application of the reduction is the agreed-upon manner of calculating the loss amount.  The Defendant points out that her offense level was calculated on

the reasonably foreseeable loss for the whole conspiracy, and she acknowledges this is appropriate under the relevant conduct Guideline.  Def.'s Sent. Mem. at 3 (citing U.S.S.G. §1B1.3).  However, when the offense level is calculated in this manner, a minor participant role becomes appropriate. *See United States v. Lewis*, 93 F.3d 1075, 1085 (2d Cir. 1996) (affirming the denial of the minor participant adjustment where the offense level was calculated on Lewis' limited role rather than the entire scheme).

Given the Defendant's lesser role, the application of the factors articulated by the Guidelines, and the manner of calculating the loss amount, the Government consents to the Section 3B1.2(b) reduction as a minor participant.  This would result in an Adjusted Offense Level of 14, which yields a Guidelines range of 15-to-21 months incarceration and a fine of $7,500 to $75,000.  U.S.S.G. Ch. 5 pt. A; §5E1.2(c)(3).

**II.    Motion for a Variance**

The Defendant's purported justifications for a below-Guideline sentence are in significant tension with the Guideline's policy statements on Specific Offender Characteristics.  *See* U.S.S.G. §§5H1.6 (family circumstances ordinarily not relevant),[1] 5H1.7 (lesser role not relevant), 5H1.11 (civic contributions not relevant).  The specific offender characteristics highlighted by the Defendant are not present to such an unusual degree as to distinguish her from other offenders.

The Court has broad discretion to impose a sentence below (or above) the Advisory Guidelines range.  However, for the reasons stated in the Government's First Sentencing Memorandum, a bottom-of-Guideline sentence is sufficient but not greater than necessary to

---

[1] Indeed, the Court can mitigate against the loss of caretaking and financial support for the child by staggering the execution of the sentences of the Defendant and her co-conspirator.  *See* U.S.S.G. §5H1.6 app. n. 1(B).

accomplish the goals of Section 3553(a). In light of the defendant's motion for a downward departure, the Government has consented to a six-month-reduction of the bottom of the Guideline range. A lesser sentence diminishes the seriousness of the Defendant's crime and would not adequately deter others from taking advantage of government benefits programs.

### III. CONCLUSION

The Court should sentence the Defendant to a 15-month-term of incarceration; a three-year-term of supervised release; a Guideline fine; and a $100 special assessment; and the Court should order the agreed-upon restitution of $381,815 to the State of New York as and forfeiture of $66,092.

Respectfully submitted this 7th day of September, 2024.

                                CARLA B. FREEDMAN
                                United States Attorney

By:    */s/ Jonathan S. Reiner*
       Jonathan S. Reiner
       Assistant United States Attorney
       Bar Roll No. 702645

### CERTIFICATE OF SERVICE

I hereby certify on September 7, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the Defendant.

                                */s/ Jonathan S. Reiner*
                                Jonathan S. Reiner
                                Assistant United States Attorney
                                Bar Roll No. 702645